**FILED & ENTERED**

**SEP 02 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Karen Deshawn Taylor,<br><br>                              Debtor(s) | Case No.:    2:22-bk-14195-NB<br>Chapter:    13<br><br>**ORDER PROHIBITING DEBTOR'S COUNSEL FROM CHARGING FEES IN CONNECTION WITH THE FILING OF AN APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE AND APPEARING AT THE HEARING**<br><br><u>Hearing Date</u>:<br>Date:  September 1, 2022<br>Time:  8:30 a.m.<br>Place: Courtroom 1545<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

Debtor filed this bankruptcy case on August 2, 2022.  <u>Over three weeks later</u>, on August 25, 2022, Debtor filed (x) a "Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate" pursuant to 11 U.S.C. § 362(c)(3) or (4) (dkt. 19, the "Stay Motion") and (y) an Application for Order Setting Hearing on Shortened Notice (dkt. 20, the "OST Application").  On August 26,

-1-

2022, this Court issued its "Order Provisionally Granting Application and Setting Hearing on Shortened Notice" (dkt. 21, the "OST").

This was a self-created emergency.  There is no reason why the Stay Motion could not have been filed at the very start of the case.

To be clear, this Court recognizes that motions under sections 362(c)(3) and (4) require expedited relief.  In all cases in which section 362(c)(3) applies, the automatic stay "shall terminate … on the 30th day after the filing" of the bankruptcy case, and the bankruptcy court can extend the stay but only on a hearing "completed before the expiration of the 30-day period." 11 U.S.C. § 362(c)(3)(B) (emphasis added).  For these reasons, it appears that Debtor's counsel calculated that the hearing on the Stay Motion had to occur prior to September 1, 2022 (in fact, he was incorrect because the applicable statute is section 362(c)(4), not (c)(3), but that is all the more reason for seeking a speedy hearing because under section 362(c)(4) there is no automatic stay unless and until the bankruptcy court imposes one).  So, again, this Court recognizes that motions under section 362(c)(3) or (4) require expedited relief.

But, like many other Bankruptcy Judges, the undersigned has standing procedures that provide for expedited relief under sections 362(c)(3) and (4) without the need for any OST Application.  Specifically, pursuant to the posted Procedures of the undersigned Bankruptcy Judge (the "Procedures," available at www.cacb.uscourts.gov), if the Stay Motion had been filed and served via U.S. mail any time up to a week after the petition date, *i.e.,* on or before August 9, 2023, the Stay Motion could have been self-calendared for hearing on August 23, 2023.  That would have saved the expense of preparing the OST Application and the expense of overnight delivery.

In addition, pursuant to those same Procedures, the deadline for objections would have been August 18, 2023.  It appears very likely that there would have been no objections (because most motions of this type do not draw objections, and there were none in this instance), and therefore tentative ruling posted prior to the hearing date

would have excused appearances.  That would have saved the expense of having anyone appear at the hearing.

Instead, by waiting over three weeks to file the Stay Motion, Debtor's counsel created an emergency requiring the expense of (a) the OST Application, (b) overnight delivery to a number of parties in interest, and (c) an appearance attorney to attend the hearing in case anyone objected at the hearing.  In addition, this self-created emergency imposed unnecessary burdens on all parties in interest and this Court, in connection with urgently reviewing determining how to respond to the Stay Motion, OST Application, and OST.

Moreover, the irony is that if Debtor's counsel is permitted to bill for all of this unnecessary additional work, he will have earned extra profits due to his own mismanagement of this case.  That is outrageous.

Nor is there any unfairness to Debtor's counsel.  For two alternative reasons he knew or should have known that he had to file the Stay Motion.

First, he had been Debtor's counsel in both of Debtor's prior bankruptcy cases, as reflected on the docket for Case No. 2:22-bk-13793-NB, dismissed on August 2, 2022 (the same day this case was filed) and Case No. 2:16-bk-25325-NB, dismissed on November 4, 2021.  Because both of those dismissals occurred within a year before the petition date in this case, Debtor's counsel should have realized, even before he filed this latest bankruptcy case, that he would need to file a motion under section 362(c)(4).

Second, it should be a routine practice for Debtor's counsel (or any bankruptcy attorney) to check for any prior bankruptcy cases filed by any person who seeks their services.  That can be done easily and at almost no cost using the PACER system or other readily available tools.

In addition, this Court gave Debtor's counsel an opportunity to offer any explanation why this was not a self-created emergency, because that issue was raised in the OST and in this Court's tentative ruling, a copy of which is attached hereto as **Exhibit A** and which was adopted by this Court as its actual ruling (except as to the

$100.00 fine and, as noted below, certain service issues). No such explanation was offered to justify this self-created emergency (and this Court cannot conceive of any valid explanation).

In addition, to all of the foregoing, in this particular case Debtor's counsel failed to comply with the terms of the OST. His initial proof of service (dkt. 24) failed to show expedited service on several creditors, as explained in the attached Tentative Ruling. His office's subsequent (belated) declaration of service (dkt. 25, p. 3:24) only attested that "I [his assistant] sent overnight mail service [on what date?] to the above mentioned creditors [at what addresses?]"

At the hearing, appearance counsel did his best to supplement this declaration by representing that he had been told the overnight mail service was timely under the OST, and implicitly the addresses are the same as listed in other proofs of service from Debtor's counsel. In other words, perhaps there was belated evidence of compliance with the OST (although this Court notes that service might not have complied with Rule 7004(b)(3), incorporated by Rule 9014(b), Fed. R. Bankr. P.). But the larger point is that, again, Debtor's counsel caused a considerable amount additional work for his office, this Court, and any parties in interest who had to review and try to understand the barrage of papers they were receiving from his office.

In addition, as this Court noted on the record at the above-captioned hearing, there were other cases handled by Debtor's counsel that were on for hearing on the same day that appear to show a similar pattern of problems that impose unnecessary burdens on all parties in interest and this Court, and that create extra work for Debtor's counsel. Again, the irony is that he might then bill for attempting to address these additional self-created problems.

For the foregoing reasons, it is hereby ORDERED:

1. Debtor's Counsel, Mr. Lionel Giron, Esq., is directed to absorb the costs of all overnight delivery associated with the Stay Motion or the OST Application, and more generally he is not permitted to charge Debtor or the bankruptcy estate any fees or

expenses relating to the OST Application or the appearance of an attorney at the above-captioned hearing.

    2. Mr. Giron is cautioned that, in this case and any other bankruptcy cases before the undersigned Bankruptcy Judge, his fees may be subject to additional scrutiny to determine whether he has caused unnecessary burdens for parties in interest, this Court, or himself.  If this Court becomes aware of such possible abuses, this Court anticipates taking remedial action including (a) requiring him to appear in court, in person, to address the apparent abuses, (b) disallowance of his fees, and possibly (c) monetary sanctions or other remedies.

###

Date: September 2, 2022

Neil W. Bason
United States Bankruptcy Judge

# **EXHIBIT A**

Grant, subject to the following conditions, including creditors' ability to seek reconsideration, and also subject to any opposition and reply at the hearing, all pursuant to this Court's order provisionally setting this hearing on shortened time (the "OST," dkt. 21). <u>Appearances required</u>.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted tentative rulings.

(1) <u>Defective service</u>

Debtor's proof of service is deficient. The OST directed Debtor to serve various parties in interest via expedited service for <u>receipt</u> by noon on 8/29/22. See OST (dkt. 21) p. 2. Those parties included "[a]ll secured creditors." *Id.* But Debtor's proof of expedited service (dkt. 24, p. 7) fails to include three of the four secured creditors listed on her bankruptcy Schedule D. *See* Sch.D (dkt. 8) pp. 12-14.

Nevertheless, this Court notes that Debtor's motion to impose or continue the automatic stay was served on all creditors via U.S. mail on 8/25/22 (*see* dkt. 19, at PDF pp. 21-25). Because such creditors could monitor the docket and discover this hearing date, and because of this Court's tentative rulings that imposition of the stay generally <u>benefits</u> all creditors, and reconsideration is freely available, the tentative ruling is that there is (just barely) sufficient notice for due process purposes.

(2) <u>Self-created emergency</u>

As set forth in this Court's OST (dkt. 21), Debtor is directed to address why notice could not have been provided sooner: the delayed filing of this motion (dkt. 19) appears entirely uneccessary. The tentative ruling, as set forth in the OST, is that counsel for Debtor should absorb the cost of overnight delivery, and that counsel should not charge any fees and/or expenses for the Application (dkt. 20) and related matters.

In addition, counsel should be prepared to address at the hearing what remedy is appropriate for his failure to comply with the OST's requirements for expedited service on secured creditors. The tentative ruling is to impose a sanction of $100.00.

(3) <u>Merits</u>

On the merits of the motion, the tentative ruling is to impose the automatic stay, for the benefit of all creditors (to prevent a "race to collect" from Debtor's limited income and assets), without prejudice to any creditor seeking relief from the automatic stay in future. After the hearing date *this Court will prepare an order* and the tentative ruling is to include the following language in that order:

> The stay of 11 U.S.C. 362(a) applies subject to the following modifications and conditions:
>
>   (1) <u>Service and reconsideration</u>. Any party in interest who was not timely served in accordance with FRBP 7004 (incorporated by FRBP 9014(b)) is hereby granted through 14 days after proper service to seek reconsideration,

including retroactive relief (under FRBP 9023 and/or 9024). Any such person should check the posted procedures of the presiding judge (currently and temporarily Judge Bason, but only through 9/2/22, after which Judge Brand will once again be presiding over this case), regarding the amount of notice required for any such motion, whether any briefs will be required for an initial hearing, and other procedures.

(2) Reasons. (a) It appears appropriate to continue/impose the automatic stay, and to continue/impose it as to all persons rather than just as to selected persons, because one purpose of the automatic stay is to prevent a "race to collect" that could unfairly advantage some creditors at the expense of others. (b) To prevent possible abuse, this Court provides the foregoing process for reconsideration.

(3) Very limited ruling. This Court's tentative ruling to grant the foregoing relief is solely for purposes of this motion, and is not intended to have any binding effect with respect to any future assertions by any party in interest regarding the existence or lack of existence of good faith in any other context.